UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IMANI CARTER,                                    Case No. 26-11128

      Plaintiff,                              F. Kay Behm
v.                                               U.S. District Judge

F.H. CANN & ASSOCIATES,
INC.,

      Defendant.
_____ /

**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED
IN FORMA PAUPERIS (ECF No. 2) AND
DIMISSING PLAINTIFF'S AMENDED COMPLAINT (ECF No. 4)**

## I.   PROCEDURAL HISTORY

Plaintiff Imani Carter filed a Complaint against Defendant F.H. Cann & Associates, Inc., on April 7, 2026, alleging violations of the Fair Credit Reporting Act (FCRA) and the Fair Debt Collection Practices Act ("FDCPA").  ECF No. 1.  She later filed an amended complaint.  ECF No. 4.  Plaintiff also filed an application to proceed *in forma pauperis*, which the court finds facially sufficient.  ECF No. 2.  The court thus **GRANTS** Plaintiff's application to proceed *in forma pauperis*. However, for the reasons set forth below, the court **DISMISSES**

1

Plaintiff's Complaint without prejudice for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e).

## II. ANALYSIS

When an individual applies to proceed *in forma pauperis*, their claim is subject to the screening standards established in 28 U.S.C. § 1915(e)(2). *Brown v. Bargery*, 207 F.3d 863, 865-66 (6th Cir. 2000). Congress introduced this subsection with an understanding that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Under this subsection, a court may dismiss a claim if it: "(i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted, or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Pursuant to Federal Rule of Civil Procedure 8(a), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The standard "does not require 'detailed factual allegations' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft*

*v. Iqbal*, 556 U.S. 662, 677-78 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A complaint will not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 678.  Additionally, a claim must exhibit "facial plausibility," meaning it includes facts sufficient to allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In general, when deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court's review is limited to the four corners of the pleading at issue.  Fed. R. Civ. P 12(d); *see also Courser v. Michigan House of Representatives*, 404 F. Supp. 3d 1125, 1139 (W.D. Mich. 2019) (citation omitted).  Nonetheless, it is well established that, in some circumstances, a court may consider matters beyond the pleadings without converting the motion to one for summary judgment under Rule 56.  Examples include "any exhibits attached [to the Complaint], public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008).  When a

"written instrument contradicts allegations in the complaint to which it is attached, the exhibit trumps the allegations." *Cates v. Crystal Clear Techs., LLC*, 874 F.3d 530, 536 (6th Cir. 2017).

The relevant allegations in Carter's Amended Complaint are as follows:

> 12. Defendant is attempting to collect a consumer debt allegedly owed by Plaintiff to Dorsey College in the amount of $1,608, arising from a transaction in which services were provided primarily for personal, family, or household purposes, making the alleged obligation a "consumer debt" as defined by 15 U.S.C. § 1692a(5).
>
> 13. On or around February 6, 2026, Plaintiff reviewed her consumer credit report and noticed an account being reported by Defendant related to Dorsey College.
>
> 14. The account reflected a balance of $1,608, however, the alleged $1,608 balance no longer existed, as the account had already been brought to a $0.00 balance on June 30, 2025. ***Please See Exhibit A.***
>
> 15. On or about February 12, 2026, Plaintiff submitted a dispute regarding the inaccurate reporting of this account.
>
> 16. Hours later, Plaintiff received a notification that her dispute was completed, the exact same day Plaintiff submitted the dispute.

4

17. However, instead of correcting the balance, Defendant removed the payment history entirely and continued to report a balance owed.

18. The account was allegedly updated, but no correction was made instead the account was made incomplete.

19. Plaintiff submitted a second dispute on or about February 22, 2026 in hopes of Defendant correcting the balance this time.

20. On or around March 13, 2026, Defendant completed its investigation, and continually verified the account balance of $1,608 as accurate.

21. Defendant failed to update the balance to $0, despite there being no balance on the account. To date, the account balance is inaccurately reporting $1,608.00.

ECF No. 4, PageID.18-19 (citations to exhibits omitted).

Plaintiff's claims center around the allegation that she does not owe any amount of a previous debt owed to Dorsey College. However, Plaintiff's Exhibit A contradicts her allegations. Plaintiff's Exhibit A shows her Dorsey College "Ledger Card." *See* ECF No. 4, PageID.22. And indeed, it lists a student balance and pending charges of $0.00. *Id.* But below that, it also lists an item categorized as an "old receivable" in the amount of $1,608. *Id.* That amount is not shown to have any

5

payments made on it and there is no indication that it was ever cleared in any way.  *See id.* (listing $0.00 in payments made on that debt).

Plaintiff's FRCA claim (Count I) is brought under 15 U.S.C. § 1681s-2(b).  "The FCRA 'creates a private right of action' for consumers to enforce the requirement under § 1681s-2(b) that furnishers of information investigate upon receiving notice of a dispute."  *Scott v. First S. Nat'l Bank*, 936 F.3d 509, 517 (6th Cir. 2019).  That section requires furnishers of information to credit reporting agencies to conduct a reasonable investigation of disputed information if the consumer disputes the "completeness or accuracy of any information" provided to a credit reporting agency.  *See id.*  If, after investigation, the information disputed by the consumer is found to be "incomplete or inaccurate," the furnisher must delete or modify that item of information from the consumer's file and promptly notify the credit reporting agencies.  *Id.*  A consumer is permitted to demonstrate that a furnisher either negligently breached one of these duties, under § 1681o, or willfully breached one of them, under § 1681n.  *Pittman v. Experian Info. Sols., Inc.*, 901 F.3d 619, 628 (6th Cir. 2018).

Plaintiff's allegations are not sufficient to state a plausible claim on which relief can be granted. It appears, based on Plaintiff's own exhibit, that her account with Dorsey College still lists an old debt of $1,608, though her college appears to have decided to no longer list that receivable as a pending charge for reasons not clearly stated in the complaint or in her exhibit.[1] This appears to be similar to (or perhaps was the case here) the situation in which a creditor "charges off" a debt they are unlikely to collect. Here, Dorsey College appears to have changed the status of the outstanding debt in their own books, while in some manner assigning the outstanding debt to a debt collector. But internal accounting moves that a creditor chooses to do with respect to a debt "does not itself resolve a consumer's debt with respect to that account or eliminate any applicable balance." *See Lensendro v. TransUnion LLC*, No. 3:25-cv-128, 2025 LX 192699, at *19 (D. Conn. Apr. 14, 2025) (citing *In re Anderson*, 884 F.3d 382, 385 (2d Cir. 2018) (explaining that a debt is "charged off" when "the bank changed the outstanding debt from a receivable to a loss in its own accounting

---

[1] Drawing reasonable inferences, Plaintiff's allegations indicate that Dorsey College sold or otherwise assigned the debt to the Defendant debt collector: "Defendant is attempting to collect a consumer debt allegedly owed by Plaintiff to Dorsey College in the amount of $1,608[.]" ECF No. 4, PageID.18.

7

books" notwithstanding the fact "that the debt remain[s] unpaid")); *see also Ostreicher v. Chase Bank USA, N.A.*, No. 19-CV-8175 (CS), 2020 U.S. Dist. LEXIS 217024, 2020 WL 6809059 (S.D.N.Y. Nov. 19, 2020) ("[A] creditor charging off or writing off a debt is simply an internal accounting action by which the creditor stops carrying the debt as a receivable because the chances of collecting it are so low.").  Thus, a consumer may, in fact, still continue to pay down a debt that has been marked as charged-off or closed in some way, and "consumer reporting agencies may lawfully report accurate information regarding closed accounts, discontinued lines of credit, or debts marked as charged off." *Lensendro*, 2025 LX 192699 at *19 (collecting cases); *see also Shaw v. Equifax Info. Sols., Inc.*, 204 F. Supp. 3d 956, 960 (E.D. Mich. 2016) ("the FCRA allows reporting of the charge-off status for seven years"). And for that matter, Plaintiff's allegations indicate that she may no longer owe Dorsey College directly on that old debt, because the debt was in some way assigned to Defendant, and it is Defendant (not Dorsey) who currently seeks payment on that amount.

Therefore, this alleged inaccuracy in the information provided by Defendant to credit reporting agencies does not show a failure by

Defendant to conduct a reasonable investigation into Plaintiff's dispute, an inaccuracy in the information provided, or a need to delete or modify any information upon the results of that investigation. Plaintiff's exhibits indicate the opposite – that the amount stated by F.H. Cann in her credit report is correct, and that the furnisher was not required to take any action other than to report the result of its investigation to credit reporting agencies (which, according to Plaintiff, they did). *See* ECF No. 4, PageID.18. Count I, for violation of the FCRA, is therefore dismissed.

As for Plaintiff's related FDCPA claims, both likewise depend on the allegation that the amount stated on the Dorsey debt is inaccurate. ECF No. 4, PageID.20. Count II alleges that the attempted collection of the debt misrepresents the legal status of the alleged debt, specifically by representing that Plaintiff owed a balance of $1,608.00 when the debt had already been paid in full,[2] and Count III alleges that

_____

[2] The court notes that in several places, Plaintiff refers to the debt or the account as having been already "paid in full." *See* ECF No. 4, PageID.19-20. But Plaintiff does not actually allege in any specific allegation that she paid down the debt. Her only factual allegation on this issue instead states that "the alleged $1,608 balance no longer exist[s], as the account [was] brought to a $0.00 balance on June 30, 2025." ECF No. 4, PageID.18. She then cites to her Exhibit A. *Id.* But as noted, Plaintiff's Exhibit A does not show that any payment was made on that

9

Defendant's debt collection attempts are unfair or unconscionable because Defendant "attempted to collect a debt that did not exist." *Id.* But because her exhibit contradicts the allegation that the debt they seek to collect does not exist, her claims lack the necessary plausibility.

## III.  CONCLUSION

Plaintiff's Complaint fails to state a claim on which relief could be granted.  While the Plaintiff's application to proceed *in forma pauperis* is **GRANTED**, Plaintiff's Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e).

**SO ORDERED**.

Date: April 16, 2026

<u>s/ F. Kay Behm</u>
F. Kay Behm
United States District Judge

---

balance, nor that the debt no longer exists.  So the court is not required to treat as true the passing references to the debt having been "paid in full."